JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
AETNA HEALTH OF CALIFORNIA, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| LOGAN BARROWES, | CASE NO.: 2:CV08-8659 R (PJWx) |
|---|---|
| Plaintiff, | JUDGE: Hon. Manuel Real |
| v. | |
| AETNA HEALTH OF CALIFORNIA, INC, and DOES 1-50, inclusive, | **FINDINGS OF FACT AND JUDGMENT** |
| Defendants. | |

///

///

///

---

1

FINDINGS OF FACT AND JUDGMENT

1123502.2

The Court having considered all submitted papers, supporting documents, the Administrative Record, and oral arguments of respective counsel for plaintiff Logan Barrowes ("Plaintiff") and defendant Aetna Health of California, Inc. ("Aetna"):

IT IS ORDERED, ADJUDGED AND DECREED that:

1.  The standard of review when a denial of benefit is challenged under 29 U.S.C. § 1132(a)(1)(b) is the abuse of discretion standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Jebian v. Hewlett-Packard Company Employee Benefits Organization Income Protection Plan*, 349 F.3d 1098, 1103 (9th Cir. 2001). Where an ERISA plan grants discretionary authority to the administrator to determine eligibility for benefits and construe the plan terms, abuse of discretion review applies even if the administrator has a conflict of interest. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006). The existence of a conflict of interest is, however, relevant to how a court will conduct its abuse of discretion review. *Id.* Specifically, the conflict must be weighed as a factor in determining whether the administrator abused its discretion. *Id.* Because the subject Group Agreement between Aetna and Plaintiff's employer granted Aetna the complete authority to review and deny claims for benefits under it, the Court applies the abuse of discretion standard in this action. The Administrative Record ("AR") AR 0000951. Even assuming there was any ERISA violation, there were no flagrant ERISA violations by Aetna that caused Plaintiff substantive harm which would warrant the Court to disregard the discretionary authority unequivocally granted to Aetna. The Court finds that Aetna acted reasonably and did not act arbitrary or capricious in denying Plaintiff's claim. The Court finds that Aetna did not abuse its discretion, because the Administrative Record contains a firm factual basis for Aetna's decision to deny the claim as set forth below.

2.  The Court finds that there was no medical emergency as defined by the subject HMO medical benefits plan (the "Plan"). AR 000903. Plaintiff was being cared for in an inpatient facility at Irvine Regional Hospital, his condition was stable,

and he had consulted with specialists, had received appropriate testing, and had been seen by a neurosurgeon. AR at pp. 000308 through 342. Nothing in the medical records suggests that Dr. Dumas would not have been available on September 4, 2007 or within a medically acceptable time. In fact, Plaintiff admits that he never spoke with Dr. Duma or anyone in his office to determine his availability. AR at 000240. Further, nothing in Dr. Tabrizi's September 2, 2007 note indicates that Dr. Tabrizi refused to perform the surgery. AR at 000315-316.

3. The Court finds that Plaintiff failed to obtain authorized out of network referral relating to Plaintiff's receipt of medical services from Utah Valley Regional Medical Center ("Utah Valley") and Dr. Reichman. Under the subject Plan, the member is required to obtain a referral from his or her primary care physician ("PCP") and pre-authorization for most services except for medical emergency or where there is no qualified in-network medical provider. AR 0000844. Again, there was no medical emergency. Plaintiff requested authorization to receive surgery from a physician in Utah, stating that he wanted to be near his parents due to his hemophilia. AR 000003-4. Aetna denied the request and instructed Plaintiff to have the surgery performed in California by Dr. Duma. AR 000003; 000037. Dr. Tsai, the PCP, referred him to Dr. Duma, but Plaintiff chose to fly out to Utah and be treated by Dr. Reichman. AR at 000042, 000240-241, 309. Dr. Duma was a qualified in-network medical provider.

4. In light of the above findings of fact, the Court finds in favor of Aetna. Judgment is entered in favor of Aetna and against Plaintiff.

5. Plaintiff shall recover nothing against Aetna.

DATED: _April 29, 2010__                    _____
                                            Hon. Manuel Real
                                            Judge, United States District Court

3

FINDINGS OF FACT AND JUDGMENT

1123502.2